UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK JOHN PELLEGRINI,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:25-cv-02612-SCR

ORDER

Plaintiff commenced this social security action on September 11, 2025. ECF Nos. 1-2.[1] On August 26, 2026, the Court granted Plaintiff's motion for summary judgment and remanded the matter for further proceedings. ECF No. 23. Presently pending before the Court is Plaintiff's Motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 25. Plaintiff seeks an award of $7,689.18 for 29.75 hours of work. The Commissioner filed a "Statement of Non-Opposition". ECF No. 26. The Commissioner's statement states only that he "does not oppose" the motion for fees. After considering the briefing and the applicable law, the court grants Plaintiff's Motion for EAJA fees.

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and the parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF No. 9.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that Plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). The Commissioner does not dispute that the application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action. Nor does the Commissioner argue that Plaintiff is not entitled to an award of fees under the EAJA, because the position of the Commissioner was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'"). Because the Commissioner raises no objections, the Court GRANTS the Motion.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In

determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154, 163 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998). Plaintiff requests an award of $7,689.18 for 29.75 hours of work, at the prevailing EAJA rate of $258.46 for 2025. ECF No. 25 at 1. The Commissioner does not object to the hours expended, and the Court finds them reasonable. The administrative record in this case was over 1,200 pages and counsel for Plaintiff prepared a motion for summary judgment and reply brief. In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for increases in the cost of living. *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). The cost-of-living adjustment to the statutory cap is computed by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. *Id.* at 1148-49; *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).[2] The national, rather than local, change in cost of living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." *Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

The Commissioner does not oppose Plaintiff's requested rate or the requested hours billed. Therefore, the Court will award Plaintiff EAJA attorneys' fees in the full amount of $7,689.18. The Court notes counsel has attached an assignment agreement with his client. ECF No. 25-1. However, the EAJA award must be made by this Court to Plaintiff, and not to counsel. *See Astrue v. Ratliffe*, 560 U.S. 586, 589 (2010). Nevertheless, if the government determines that Plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of Plaintiff's attorney.

---

[2] In accordance with the decision in *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates are found on the Ninth Circuit's website. See http://www.ca9.uscourts.gov. Here, Plaintiff's requested rates are within the statutory maximum rate established by the Ninth Circuit.

Accordingly, for the reasons outlined above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for attorneys' fees under the EAJA (ECF No. 25) is **GRANTED**.
2. Plaintiff is awarded attorneys' fees in the total amount of $7,689.18 pursuant to the EAJA. If the government determines that Plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of Plaintiff's attorney.

IT IS SO ORDERED.

DATED: November 10, 2026



SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE